| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**FierceMarkets, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**None** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): **52-2236826** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)<br>No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No and Street, City, and State):<br>**1319 F Street NW, 6th Floor**<br>**Washington, DC**<br><br>ZIP CODE:  **20004** | Street Address of Joint Debtor (No and Street, City, and State):<br><br><br>ZIP CODE: |
| County of Residence or the Principal Place of Business: | County of Residence or the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE: | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (Includes Joint Debtors)<br>*See Exhibit D. on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above<br>entities, check this box and state type of entity<br>below.)<br>_____ | ☐ Health Care Business.<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other<br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States Code<br>(the Internal Revenue Code). | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☒ Chapter 11      Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                      Nonmain Proceeding<br><br>**Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer primarily debts,<br>defined in 11 U.S.C. § 101(8) as "incurred by an individual<br>primarily for a personal, family or house-hold purpose."<br><br>☒ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>_____<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (On a Consolidated Basis)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): **FierceMarkets, Inc.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: **None** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **See Rider 1** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X_____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>FierceMarkets, Inc. |
|---|---|

## Signatures

| Signature(s) of Debtors(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br><br>**Michael R. Nestor (DE Bar No. 3526)**<br>Printed Name of Attorney for Debtor(s)<br><br>**Young Conaway Stargatt & Taylor, LLP**<br>Firm Name<br><br>**1000 West Street, 17th Floor**<br>**Wilmington, DE 19801**<br>Address<br><br>**(302) 571-6600**<br>Telephone Number<br>October 5, 2009<br>Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>_____<br><br>_____<br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>**Thomas E. Caridi**<br>Printed Name of Authorized Individual<br><br>**Executive Vice President and Chief Financial Officer**<br>Title of Authorized Individual<br>October 5, 2009<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**Rider 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

In addition to the debtor, FierceMarkets, Inc., the following affiliated debtors will file chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware:

- Questex Media Group, Inc.

- InfoTrends, Inc.

- InfoTrends Research Group, Inc.

- Oxford Communication, Inc.

- Oxford Publishing, Inc.

- QMG Holdings, Inc.

- Questex Brazil, LLC

- Show Events, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) Case No. 09-_____ |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a petition in the Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately October 2, 2009. The Consolidated List is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Wilmington Trust FSB[2] | Wilmington Trust FSB Attn: Jeffrey Rose, Vice President 50 South Sixth Street, Suite 1290 Minneapolis, MN 55403 Tel: 612-217-5630 Fax: 612-217-5651 | Bank Debt | Unliquidated | $56,554,063.62 |
| Former Shareholders of FierceMarkets | Former Shareholders of FierceMarkets c/o Goodwin Procter LLP Attn: James O. Fleckner, Esq. Exchange Place 53 State Street Boston, MA 02109 Tel: 617-570-1153 Fax: 216-363-4588 | Former Shareholders | | $7,533,018.00 |
| RR Donnelley Receivables, Inc. | RR Donnelley Receivables, Inc. 690 E. Plumb Lane, #201 Reno, NV 89502-3597 Tel: 662-562-5015 Fax: 630-322-6873 | Trade Debt | | $587,114.01 |
| Cigna Healthcare | Cigna Healthcare CGLIC-Bloomfield EASC 5082 Collection Center Dr. Chicago, IL 60693-0050 Tel: 860-226-2300 Fax: 800-476-0097 | Trade Debt | | $251,538.55 |
| Paradice Decorating Company | Paradice Decorating Company 10002 Pioneer Blvd., Ste. 105 Sante Fe Springs, CA 9 0670 Tel: 562-944-4166 Fax: 562-944-3666 | Trade Debt | | $247,701.80 |
| Midland Paper | Midland Paper 1140 Paysphere Circle Chicago, IL 60674 Tel: 800-253-7477 Fax: 847-777-2549 | Trade Debt | | $124,076.84 |
| Metropolitan Exposition Services, Inc. | Metropolitan Exposition Services, Inc. 455 Washington Avenue Carlstadt, NJ 07072 Tel: 201-994-1300 Fax: 201-994-1350 | Trade Debt | | $118,245.80 |

---

2    In light of the fact that the lenders under the Debtors' First Lien Credit Agreement have credit bid for substantially all of the Debtors' assets at an amount less than the full value of their claims, in an abundance of caution, the Debtors have included the agent for the lenders under the Second Lien Credit Agreement.

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| UC Funding Corp. | UC Funding Corp.<br>146 Second Street North, Ste. 200<br>St. Petersburg, FL 33701<br>Tel: 877-894-8232<br>Fax: 727-898-4205 | Trade Debt | | $117,742.80 |
| Hallmark Data Systems, LLC | Hallmark Data Systems, LLC<br>Attn: Accounts Receivable<br>7300 Linder Avenue<br>Skokie, IL 60077<br>Tel: 847-983-200<br>Fax: 847-763-9054 | Trade Debt | | $107,597.90 |
| Microsoft Licensing GP | Microsoft Licensing GP<br>Lockbox: 842467<br>1401 Elm Street, 5th Floor<br>Dallas, TX 75202<br>Tel: 781-487-6692<br>Fax: 425-706-7329 | Trade Debt | | $106,414.47 |
| Hyatt Regency Boston | Hyatt Regency Boston<br>1 Avenue De Lafayette<br>Boston, MA 02111<br>Tel: 617-912-1234<br>Fax: 617-451-2198 | Trade Debt | | $97,804.68 |
| Pro Print Inc. | Pro Print Inc.<br>Attn: Accounts Receivable<br>3920 Airpark Boulevard<br>Duluth, MN 55811<br>Tel: 218-740-4497<br>Fax: 218-740-4497 | Trade Debt | | $92,090.79 |
| Hyatt Regency San Francisco | Hyatt Regency San Francisco<br>5 Embarcadero Center<br>San Francisco, CA 94111<br>Tel: 415-788-1234<br>Fax: 415-398-2567 | Trade Debt | | $85,486.05 |
| BSI, Inc. | BSI, Inc.<br>1942 Sunset Drive<br>Ventura, CA 93001<br>Tel: 805-650-2794<br>Fax: 281-298-8474 | Trade Debt | | $58,333.31 |
| Bank of America MasterCard | Bank of America MasterCard<br>Corporate Credit Card Program<br>Bank of America, MA5-100-08-01<br>Attn: John P. Karle, Jr., SVP,<br>Treasury Management Sales Officer<br>100 Federal Street<br>Boston, MA 02110<br>Tel: 617-434-1360<br>Fax: 617-434-9346 | Trade Debt | | $55,253.28 |

| (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| American Express | American Express<br>World Financial Center<br>200 Vesey Street<br>New York, NY 10285<br>Tel: 800-472-9297<br>Fax: 602-744-8413 | Trade Debt | | $45,107.42 |
| Get Vamp LLC | Get Vamp LLC<br>3033 Circle Court<br>Cleveland, OH 44113<br>Tel: 216-393-0442<br>Fax: 216-472-8168 | Trade Debt | | $37,017.00 |
| Insight Direct USA, Inc. | Insight Direct USA, Inc.<br>6820 South Harl Avenue<br>Tempe, AZ 85283<br>Tel: 800-467-4448<br>Fax: 480-333-3330 | Trade Debt | | $31,576.94 |
| Dell, Inc. | Dell, Inc.<br>One Dell Way<br>Round Rock, TX 78682<br>Tel: 800-234-9999<br>Fax: 800-685-0438 | Trade Debt | | $28,885.52 |
| MetLife | MetLife<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-578-2211 | Trade Debt | | $28,616.25 |
| Weiss Foodservice Visions, Inc. | Weiss Foodservice Visions, Inc.<br>300 East 40th Street, 22X<br>New York, NY 10016<br>Tel: 212-953-0170<br>Fax: 212-953-3641 | Trade Debt | | $25,466.01 |
| Lambert Smith Hampton | Lambert Smith Hampton<br>17-21 Hounds Gate<br>Nottingham<br>NG1 7DR<br>UK<br>Tel: +44 (0) 115 950 1414<br>Fax: +44 (0) 115 941 0316 | Trade Debt | | $23,922.21 |
| Coach Media, Inc. | Coach Media, Inc.<br>Attn: Stephen Pia<br>8 Piper Drive<br>Beverly, MA 01915<br>Tel: 978-977-9155<br>Fax: 877-262-2429 | Trade Debt | | $23,590.00 |

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Infobeans System India Pvt. Ltd. | Infobeans System India Pvt. Ltd.<br>9787 Belladonna Drive<br>San Ramon, CA 94582<br>Tel: 888-446-3623<br>Fax: 877-262-2429 | Trade Debt | | $23,382.00 |
| Mark Facey & Company | Mark Facey & Company<br>225 North Main Street<br>Bristol, CT 06010<br>Tel: 237-0938<br>Fax: 860-589-9128 | Trade Debt | | $21,856.50 |
| Telenix, Inc. | Telenix, Inc.<br>2 E. Merrick Road, 2nd Floor<br>Valley Stream, NY 11580<br>Tel: 800-835-6907<br>Fax: 516-295-7709 | Trade Debt | | $20,493.25 |
| Orient Express Hotels | Orient Express Hotels<br>20 Upper Ground<br>London, 0SE1 9PF<br>Tel: +44 (0)20 7921 4000<br>Fax: +44 (0)20 7921 4708 | Trade Debt | | $20,343.00 |
| N-M Ventures | N-M Ventures<br>4321 W. Flamingo Road<br>Las Vegas, NV 89103<br>Tel: 702-938-9999<br>Fax: 702-933-5625 | Trade Debt | | $19,379.54 |
| NTL | NTL<br>Wigmore House<br>Wigmore Lane<br>Luton Bedforshire, LU3 9EZ<br>United Kingdom<br>Tel: 011 44 800 052 0800<br>Fax: 011 44 800 953 3800 | Trade Debt | | $19,036.87 |
| Advanstar Communications, Inc. | Advanstar Communications, Inc.<br>131 West 1st Street<br>Duluth, MN 55802<br>Tel: 218-740-7200<br>Fax: 218-740-6398 | Trade Debt | | $16,570.00 |

**DECLARATION UNDER PENALTY**
**OF PERJURY ON BEHALF OF CORPORATION**

Pursuant to 28 U.S.C. § 1746, I, Thomas E. Caridi, the duly qualified and elected Executive Vice President and Chief Financial Officer of Questex Media Group, Inc., declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated: October 5, 2009

Thomas E. Caridi
Executive Vice President and Chief Financial Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIERCEMARKETS, INC., | ) Case No. 09-_____ |
| | ) |
| Debtor. | ) Joint Administration Requested |
| | ) |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Entity Name & Address | Percent Ownership |
|---|---|
| Questex Media Group, Inc.<br>275 Grove Street, Suite 2-130<br>Newton, MA 02466 | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of FierceMarkets, Inc., the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Dated: October 5, 2009

_____
Signature

Thomas E. Caridi
Name

Executive Vice President and Chief
Financial Officer
Title

---

[1] This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief as of the filing date.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIERCEMARKETS, INC., | ) Case No. 09-_____ |
| | ) |
| Debtor. | ) Joint Administration Requested |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), 1007(a)(3), and 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Questex Media Group, Inc. | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of FierceMarkets, Inc., the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: October 5, 2009

_____
Signature

Thomas E. Caridi
_____
Name

Executive Vice President and Chief
Financial Officer
_____
Title

# FIERCEMARKETS, INC.

Action By Unanimous Written Consent Of The Board of Directors
<u>In Lieu Of Meeting Of The Board Of Directors</u>

Effective as of this 4th day of October, 2009, the undersigned, being all of the members of the board of directors (the "Board of Directors") of FierceMarkets, Inc., a Delaware corporation (the "Company"), pursuant to the provisions of applicable law and the by-laws of the Company, take the following actions and adopt the following resolutions by unanimous written consent:

**WHEREAS**, the Board of Directors reviewed and considered the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business; and

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

I.    **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

**RESOLVED**, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and

**RESOLVED**, that any of the President, Vice President, Chief Financial Officer, Treasurer or Secretary of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor and to obtain debtor in possession financing (as provided for below), and to take any and all further acts and deeds that they deem necessary, proper and desirable in

connection with the chapter 11 case, with a view to the successful prosecution of such case; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Miller Buckfire & Co., LLC as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of Miller Buckfire & Co., LLC; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as noticing, claims and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers

2

to and cause to be filed an appropriate application for authority to retain the services of Epiq Bankruptcy Solutions, LLC; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of RSM McGladrey Inc. as auditors and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and cause to be filed an appropriate application for authority to retain the services of RSM McGladrey Inc.; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

II. **Debtor in Possession Financing**

**RESOLVED**, that the form, terms and provisions of the Senior Secured Super-Priority Debtor-In-Possession Credit Agreement dated as of October 5, 2009 (as amended, modified, restated or supplemented prior to the date hereof, the "DIP Loan Agreement," and together with each other document, instrument or agreement executed by the Company in connection therewith the "DIP Loan Documents"), with Credit Suisse, Cayman Islands Branch, as administrative agent and collateral agent (the "DIP Agent"), the guarantors party thereto, the lenders party thereto, and Credit Suisse Securities (USA) LLC, as sole lead arranger, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and that any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Company, to execute, deliver and perform the obligations under each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors of the Company, with such changes, additions and modifications thereto as such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and

3

**RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to: incur the Obligations (as defined in the DIP Loan Documents), grant liens and pledge collateral pursuant to the DIP Loan Documents and the Orders (as defined in the DIP Loan Agreement), guarantee the Obligations, and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements (including, without limitation, security agreements, pledge agreements, mortgages and guarantees), certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign, pledge or guarantee any of the foregoing in the name of the Company, in each case, as any such Authorized Officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents and such agreements (including, without limitation, security agreements, pledge agreements, mortgages and guarantees), certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other agreements, instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms

4

of deposit and securities account or lockbox control agreements, officer's certificates, agreements with third parties (including, without limitation, landlord agreements and warehouse letters), and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Agent (including, without limitation, in its capacity as collateral agent) to file any Uniform Commercial Code (the "UCC") financing statements and the DIP Agent (including, without limitation, in its capacity as collateral agent) is authorized to use the collateral description "all assets of the debtor whether now existing or hereafter arising or acquired, including proceeds thereof," or any similar description in such financing statements, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent (including, without limitation, in its capacity as collateral agent) deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents or the Orders, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent (including, without limitation, in its capacity as collateral agent) may reasonably request to perfect the security interests of the DIP Agent (including, without limitation, in its capacity as collateral agent), the DIP Lenders and the other secured parties under the DIP Loan Documents; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

5

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified; and

### III.    The Proposed Restructuring

**RESOLVED**, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company conduct a sale process pursuant to section 363 of the Bankruptcy Code (the "Sale Process") for substantially all of the assets of the Company in conjunction with the chapter 11 cases;

**RESOLVED**, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company enter into the asset purchase agreement (the "Asset Purchase Agreement" and together with each other document, instrument or agreement executed by the Company in connection therewith, the "Restructuring Documents") with an entity sponsored by certain of the Company's existing first lien lenders (who may also be lenders under the DIP Loan Agreement) as Purchaser;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Asset Purchase Agreement, including, without limitation, the fees and expenses, all as defined in the Restructuring Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Asset Purchase Agreement or any of the other Restructuring Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Asset Purchase Agreement or any of the Restructuring Documents which shall in their sole judgment be necessary, proper or advisable; and

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the

6

transactions contemplated by the Asset Purchase Agreement and any of the Restructuring Documents be, and hereby are, in all respects confirmed, approved and ratified; and

IV.     **Further Actions and Prior Actions**

**RESOLVED**, that any of the Authorized Officers be, and they hereby are, authorized and empowered, with power of delegation, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

*   *   *   *   *

K&E 15430716.10

This consent has been executed in one or more counterparts and shall be filed with the minutes of meetings of the directors of this Company and shall be treated for all purposes as action taken at a meeting.

_____
Thomas E. Caridi

_____
Kerry C. Gumas